### CAMBRELENG *et al. v.* PURTON *et al.*

#### *In re* LITTMAN.

*(Supreme Court, General Term, First Department.*   October 16, 1891.)

APPEAL-BOND—ACTION—REFERENCE.
   Where an undertaking on appeal contains no stipulation for a reference to ascertain the extent of the liability of the sureties thereon, the remedy is by action on such undertaking, and an order of reference is properly denied.

Appeal from special term, New York county.

Action for partition brought by Mary C. Cambreleng and another against Euphemia C. Purton and others.   There was a sale of the premises, at which Morris Littman became the purchaser.   He refused to take the title, and entered into an undertaking to procure a stay of proceedings pending his appeal, conditioned to pay "any loss or damages which the supreme court may determine that the said Morris Littman shall pay to the said plaintiffs and defendant Purton by reason of his failure to take title in accordance with the terms of sale signed by him."   The appeals were determined against him, and defendant Purton moved for an order of reference to assess her damages on the undertaking by reason of the appeal.   Her motion was denied, and she appeals.   For former report, see 12 N. Y. Supp. 741.

Argued before VAN BRUNT, P. J., and DANIELS and INGRAHAM, JJ.

*Kernan Bros. & Quin,* (*W. P. Quin,* of counsel,) for appellant.   *John Vincent,* for plaintiffs.   *T. McAdam,* for respondents.

PER CURIAM.   This undertaking was not given upon an injunction, and no stipulation was contained in it for a reference to ascertain the extent of the liability of the sureties.   The special term was accordingly right in holding that it had no power to order such reference, but that the remedy was by an action on the undertaking.   The order for that reason should be affirmed, with $10 costs and disbursements.